UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYNTHIA H. CATERSON,

      Plaintiff,

    vs.

THE LYNNWOOD POLICE
DEPARTMENT, *et al.*,

      Defendants.

No.  C04-1571L

ORDER GRANTING
PLAINTIFF'S MOTION TO
COMPEL

      This matter comes before the Court on the parties' joint "CR 37 Submission Regarding Deposition of Karen Manser."  Dkt. # 30.  For the reasons set forth herein, the Court grants plaintiff's motion to compel responses to the five questions posed during the deposition of Deputy Chief Manser.

      Plaintiff Cynthia Caterson, a police officer with the City of Lynnwood Police Department, filed the instant action for damages and injunctive relief based on defendants' alleged discrimination against female police officers in violation of 42 U.S.C. § 1983 and RCW 49.60.  These claims stem from plaintiff's transfer from the detective division to patrol and allegations that she received less favorable case assignments than her male counterparts. Plaintiff also asserts claims for retaliation and the violation of her First Amendment right to free

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL RESPONSES TO QUESTIONS POSED
DURING THE DEPOSITION OF  KAREN MANSER  - 1

speech.

As part of the discovery process, plaintiff took the deposition of Karen Manser, the Deputy Chief of the City of Lynnwood Police Department.  Deputy Chief Manser lives with Steven Jensen, the Chief of the City of Lynnwood Police Department.  Although it is known that the two have been romantically involved for several years, it is not clear when the relationship began or if or how it may have impacted Deputy Chief Manser's career path.  During Deputy Chief Manser's deposition, plaintiff's counsel asked the following questions:

(1)   [H]ad you been having any kind of sexual relationship with Chief Jensen at the time he appointed you to Acting Commander?

(2)   During the time that Chief Jensen was your supervisor while you were Acting Commander, were you and he in an intimate relationship?

(3)   At the time that Chief Jensen selected you to be Commander, were the two of you engaged in an intimate relationship?

(4)   At any time during any of those four [formal] evaluation periods have you and Chief Jensen had an intimate relationship?

(5)   At any time when Chief Jensen was evaluating you, were the two of you in an intimate relationship?

Deputy Chief Manser refused to answer any of the above questions on the grounds that they were irrelevant.  Counsel for defendants did not raise any objections during the deposition.

Plaintiff argues that defendants may attempt to use the fact that Deputy Chief Manser has been successful in the Police Department to defend against plaintiff's allegations of sex discrimination and that plaintiff's questions are an attempt to discover whether there was any bias or favoritism toward Deputy Chief Manser because of her special relationship with Chief Jensen that would explain her allegedly anomalous success in the Department. Defendants counter that the contested questions are "not relevant to the subject matter of the litigation and are not reasonably calculated to lead to the discovery of admissible evidence."  CR 37 Submission at 5.  They do not, however, disavow an intent to place Deputy Chief Manser's elevated position before the jury or to otherwise present her story in an effort to defeat plaintiff's

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL RESPONSES TO QUESTIONS POSED
DURING THE DEPOSITION OF  KAREN MANSER  - 2

1    sex discrimination claims.

2            Having reviewed the memorandum, declaration, and exhibit submitted by the

3    parties, the Court finds that the requested information is relevant to the subject matter of the case

4    because it is "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R.

5    Civ. P. 26(b)(1); see also Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir.

6    2005).  Local government bodies, including the City of Lynnwood and its Police Department,

7    "can be sued directly under § 1983. . . where . . . the action that is alleged to be unconstitutional

8    implements or executes a policy statement . . . or decision officially adopted and promulgated by

9    that body's officers," or where the constitutional deprivation is "visited pursuant to

10   governmental 'custom' even though such custom has not received formal approval."  Monell v.

11   New York City Dept. of Social Serv., 436 U.S. 658, 690-91 (1978).  In order to succeed on her

12   § 1983 claim, plaintiff must show that her removal as a detective and/or the claimed preferential

13   assignments given to male police officers were the result of a policy or custom of gender

14   discrimination.  If, as plaintiff suspects and defendants do not disavow, defendants intend to use

15   Deputy Chief Manser's elevated position within the department to negate any inference of sex

16   discrimination, plaintiff is entitled to discover facts which would arguably show that Deputy

17   Chief Manser's promotion, far from being the exception to the alleged custom of sex

18   discrimination, was the result of her special relationship with Chief Jensen.  Because discovery

19   regarding the witness' relationship with Chief Jensen is relevant to plaintiff's § 1983 claim, the

20   Court need not determine whether the evidence would also be relevant to the state discrimination

21   claims brought under RCW 49.60 et. seq or plaintiff's retaliation and First Amendment claims.

22

23           For all of the foregoing reasons, plaintiff's request to compel Deputy Chief

24   Manser to respond to the questions posed at her deposition is GRANTED.  Defendants have

25   requested, and plaintiff did not oppose, that the witness be permitted to provide written

26

27   ORDER DENYING PLAINTIFF'S MOTION TO
     COMPEL RESPONSES TO QUESTIONS POSED
28   DURING THE DEPOSITION OF  KAREN MANSER  - 3

1  responses to the five questions posed at deposition and that those responses be considered

2  "Confidential" under the terms of the protective order in this case.  Deputy Chief Manser shall,

3  within ten days of the date of this Order, provide verified written responses to the five questions

4  which shall be treated as "Confidential" under the governing protective order.

5

6          DATED this   29th day of August, 2005.

7

8                                          _MNT S Lasnik_

9                                          Robert S. Lasnik
                                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  ORDER DENYING PLAINTIFF'S MOTION TO
    COMPEL RESPONSES TO QUESTIONS POSED
28  DURING THE DEPOSITION OF  KAREN MANSER  - 4