UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYNTHIA H. CATERSON,

    Plaintiff,

    v.

THE LYNNWOOD POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. C04-1571L

ORDER GRANTING MOTION TO CHANGE TRIAL DATE AND AMENDING CASE MANAGEMENT SCHEDULE

| | |
|---|---|
| **TRIAL DATE** | March 20, 2006 |
| Agreed pretrial order due | March 8, 2006 |
| Pretrial conference to be scheduled by the Court | |
| Trial briefs, proposed voir dire questions, proposed jury instructions, and trial exhibits due | March 15, 2006 |
| Length of Trial: 8 days | Jury XXX |

    This matter comes before the Court on "Plaintiff's Motion to Change Trial Dates." Dkt. # 43. The motion is GRANTED. Having considered the memoranda and declarations submitted by the parties, as well as the Court's calendar, the trial of this matter is hereby continued to March 20, 2006. All dates not specified in this Order are set forth in the Local Civil Rules. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The

ORDER GRANTING MOTION TO CHANGE
TRIAL DATE AND AMENDING CASE
MANAGEMENT SCHEDULE- 1

Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause.

If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify Teri Roberts, the judicial assistant, at 206-370-8810 within 10 days of the date of this Order and must set forth the exact nature of the conflict.  A failure to do so will be deemed a waiver.  Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

## ALTERATIONS TO ELECTRONIC FILING PROCEDURES

Starting June 1, 2004, counsel shall be required to electronically file all documents with the Court.  *Pro se* litigants may file either electronically or in paper form.  Information and procedures for electronic filing can be found on the Western District of Washington's website at www.wawd.uscourts.gov.  The following alterations to the Electronic Filing Procedures apply in all cases pending before Judge Lasnik:

- Section III, Paragraph F - when the aggregate submittal to the court (*i.e.*, the motion, any declarations and exhibits, the proposed order, and the certificate of service) exceeds **50** pages in length, a paper copy of the documents (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers by 10:30 am the morning after filing.  The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

- Section III, Paragraph K - unless the proposed order is stipulated, agreed, or otherwise uncontested, the parties need not e-mail a copy of the order to the judge's e-mail address.

## COOPERATION

As required by CR 37(a), all discovery matters are to be resolved by agreement if possible.  Counsel are further directed to cooperate in preparing the final pretrial order in the format required by CR 16.1, except as ordered below.

ORDER GRANTING MOTION TO CHANGE
TRIAL DATE AND AMENDING CASE
MANAGEMENT SCHEDULE- 2

## EXHIBITS

The original and one copy of the trial exhibits are to be delivered to chambers five days before the trial date.  Each exhibit shall be clearly marked.  Exhibit tags are available in the Clerk's Office.  The Court hereby alters the CR 16.1 procedure for numbering exhibits: plaintiff's exhibits shall be numbered consecutively beginning with 1; defendant's exhibits shall be numbered consecutively beginning with 500.  Duplicate documents shall not be listed twice: once a party has identified an exhibit in the pretrial order, any party may use it.  Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs.

## SETTLEMENT

Should this case settle, counsel shall notify the Deputy Clerk as soon as possible. Pursuant to GR 3(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

DATED this 25th day of October, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO CHANGE
TRIAL DATE AND AMENDING CASE
MANAGEMENT SCHEDULE- 3