UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYNTHIA H. CATERSON,

    Plaintiff,

vs.

THE LYNNWOOD POLICE DEPARTMENT, *et al.*,

    Defendants.

No. C04-1571L

ORDER GRANTING IN PART DEFENDANTS' MOTIONS IN LIMINE

This matter comes before the Court on "Defendants' Motions in Limine." Dkt. # 47. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) Plaintiff does not oppose defendants' motion to the extent it seeks to exclude evidence regarding liability insurance coverage that may be available to defendants in this case. Neither the existence nor the amount of such coverage will be admitted at trial.

(2) Evidence regarding settlement efforts in this matter shall not be admitted at trial.

(3) As a general matter, witnesses and exhibits that were not disclosed during discovery and listed in the parties' pretrial submissions shall not be presented at trial except as needed for rebuttal or impeachment purposes. Defendants' objections to the admission of plaintiff's

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS IN LIMINE - 1

journals and the testimony of Robert Moss are considered elsewhere.

(4) Defendants move to strike certain portions of the declaration of Cynthia Caterson submitted in opposition to defendants' motion for summary judgment because she failed to produce a copy of her journal during discovery.  For the reasons stated in this Court's "Order Granting in Part Defendants' Motion for Summary Judgment," of even date, the motion is DENIED.

(5) Deputy Chief Manser's credibility will be an issue in this litigation.  Defendants intend to call her as a fact witness, presumably to testify that plaintiff's performance as a detective and/or a patrol officer was below expectations.  The fact that the witness has a personal relationship with the individual who approved plaintiff's transfer back to patrol will be relevant to the jury's determination of bias.  Although defendants argue that the disclosure of Deputy Chief Manser's relationship with Chief Jensen will cause undue confusion and/or unfairly prejudice defendants, the situation is not at all confusing and the probative value of the evidence outweighs any prejudice that might arise.  Defendants' motion in limine regarding the relationship between Deputy Chief Manser and Chief Jensen is DENIED.

(6) Plaintiff does not oppose defendants' motion to exclude opinion testimony from lay witnesses.  Counsel shall make every effort to have their lay witnesses present testimony based on their personal knowledge of the underlying facts, leaving the jury to draw reasonable conclusions, such as whether retaliation occurred or how difficult it would be for plaintiff to shirk her duties.

(7) Plaintiff has agreed to make her economic expert, Robert Moss, available for a brief and limited deposition to discuss the new opinions offered in his revised expert report. Defendants' motion to exclude his updated damage estimates from trial is DENIED.

(8) Plaintiff does not oppose defendants' motion to exclude evidence regarding these motions in limine or the prior rulings in this case.  Except as stipulated by the parties or as necessary for the instruction of the jury, testimony regarding exclusionary and dispositive

1  motions and the rulings thereon shall not be presented to the jury.

2  (9) Neither party shall refer to the costs, fees, and expenses associated with this litigation.

3  (10) Plaintiff does not oppose defendants' motion to preclude argument encouraging the

4  jury to imagine themselves in plaintiff's position.  Plaintiff shall not, therefore, make such

5  arguments during trial.

7  For all of the foregoing reasons, defendants' motions in limine are GRANTED in

8  part and DENIED in part.

10  DATED this 22nd day of November, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS IN LIMINE - 3