UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYNTHIA H. CATERSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE LYNNWOOD POLICE DEPARTMENT, *et al.*,<br><br>    Defendants. | No. C04-1571L<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

On December 8, 2005, defendants filed an untimely "Motion for Reconsideration" in which they seek reconsideration and/or clarification of the Court's November 22, 2005, order dismissing some of plaintiff's claims in the above-captioned matter. Motions for reconsideration must be filed within ten judicial days of the date of the order at issue and, even when timely filed, are disfavored in this district. Such motions will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence." Local Civil Rule 7(h)(1). Defendants' motion will be denied as untimely and for failure to meet this burden.

Defendants' arguments regarding the applicability of the same actor inference, the inferences to be drawn from plaintiff's evidence, and the import of Chief Jensen's

ORDER GRANTING IN PART PLAINTIFF'S
MOTIONS IN LIMINE - 1

1  discriminatory comment were, or should have been, raised in the underlying memoranda.
2  Defendants provide no case law or compelling argument to support the proposition that
3  plaintiff's transfer out of the Criminal Investigation Division ("CID") marked the end of her
4  discrimination claim and the beginning of her retaliation claim.  Plaintiff's complaint simply
5  states that, shortly after complaining about discriminatory treatment, defendant Rider
6  "determined that plaintiff should be removed from her position in CID" and that she "continued
7  to be subjected to unfavorable actions."  Complaint at ¶¶ 4.8 and 4.9.  There is no reason to
8  assume, as defendants have apparently done, that the transfer decision and subsequent actions
9  were solely the result of retaliatory motive or discriminatory animus: conduct is often the result
10 of mixed motives and plaintiff has not foreclosed her ability to argue that her transfer was
11 another employment-related action based on her gender.

       For all of the foregoing reasons, defendants' motion for reconsideration is
DENIED.

       DATED this 10th day of January, 2006.


                           *signature*
                           Robert S. Lasnik
                           United States District Judge


ORDER GRANTING IN PART PLAINTIFF'S
MOTIONS IN LIMINE - 2